JOHN ATKINSON v. I. N. & M. A. WILSON, ADM'RS.

Where the court is clearly satisfied that the equity of the case has been
reached, the verdict will not be disturbed.

Although a witness answer interrogatories by a christian name different from
that written in the notice and *dedimus*, the answers ought not to be ex-
cluded if the defendant filed cross-interrogatories.

Where the excluded answers could not have changed the result, the judgment
will not be reversed because of their exclusion.

APPEAL from Austin.   The case was tried before Hon.
ISAAC B. McFARLAND, one of the district judges.

It was one of those fact suits, enough of whose history
is given by the court.

*Hunt & Holland,* for appellant.

*B. T. & C. A. Harris,* for appellee.

LINDSAY, J.—Of the results of this case, on the trial in
the district court, after a full survey of the pleadings and
the proof, we feel well assured the appellant has no just
cause to complain.   The weight of the testimony, including
the excluded deposition of one of the appellant's witnesses,
which is assigned as the chief ground of error, greatly

preponderated in favor of the defendants; and on the plea in reconvention, if there had been a finding in their favor upon that plea, we would have felt great hesitancy in disturbing the verdict, notwithstanding the error of the court in excluding the deposition of the witness.

The suit was brought by a father against the legal representatives of the estate of his deceased son, for care and attention, in taking care of and supplying the wants and necessities of the wife and two little infant children of that son for a period of two years, while the husband and father was absent from home in the late war. The proof shows that he built a little log hut, at a cost of $40 or $50, near his own residence, which the wife and children occupied during the time, and which reverted to his use when they left it; that he furnished them some forty bushels of meal, and little or no meat; cut and hauled their fire-wood; gave some little attention to a stock of some three hundred head of cattle, by marking and branding less than twenty-five head, and occasionally herded some of the stock, and took care of two horses and a colt. This is near about the amount of the labor and service rendered, according to the testimony, including the deposition of the rejected witness. For this care, labor, and attention the plaintiff claimed the sum of $500, upon a verbal promise of the son to remunerate the father when he left for the war. Under the plea of reconvention, the legal representatives established by proof, that the father, during the absence of the son in the war, (in which service he died,) received the rent corn from the premises of the son, which were leased out for two years, amounting to at least five hundred bushels; that he sold seventeen beeves out of the stock of the son, at $15 per head, for which he took a note from the purchaser, and which he withheld from supplying the wants of the wife and children, and refused to deliver to the personal representatives, after the death of the son, until the purchaser became insolvent. Upon a trial of the issues

made by the pleadings, the jury brought in a verdict for the defendants.    Upon this state of facts the appellant, we think, has no cause to complain of the verdict.

The court, however, certainly erred in its judgment upon the admissibility of the rejected deposition of Lurana A. Atkinson, with which signature she signed the deposition, or Nancy L. Atkinson, the name by which she was designated in the notice and *dedimus* or commission to take the answers.    The witness, it may fairly be presumed, was called before the officer who took the deposition by the name designated in the notice and commission.    She responded in the name of her signature to the deposition. Hence the deduction is just and legal, from these facts, that she was known as well by the one name as the other. Besides, the offer was made to prove the identity of the person characterized by the two names, which was refused by the court.    But it was wholly immaterial what was the real name of the witness.    The rights of the opposite party were not thereby prejudiced, for he got the full benefit of a cross-examination, the sole object and purpose of requiring a notice and commission to take the deposition of any witness.    If the credibility of the witness was to be impeached, the means were furnished, in the dualistic name, to fix the identity of the witness who deposed; and if the interval was not sufficient, between the taking of the deposition and the calling of the cause, to array the impeaching testimony, upon a proper application to the court time could have been afforded, by a continuance of the cause, to make the essay.    As this was not done, the presumption may be indulged that it was not desirable or practicable. There was certainly no reason nor principle of law which warranted the exclusion of the deposition; but, notwithstanding this error of the court, after considering all the evidence adduced on the trial, as well as that contained in the rejected deposition, we can discover no sufficient

grounds for disturbing the verdict. The judgment is therefore

AFFIRMED.